IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND FLORES, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., aka WACHOVIA MORTGAGE, et al.,<br><br>Defendants. | Case No.: 11-6619 JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS AND STRIKE (Dkt. Nos. 5,7.)** |

Plaintiffs challenge Defendants' foreclosure on Plaintiffs' home, alleging numerous causes of action including Breach of Contract and Wrongful Foreclosure. Now pending before the Court are Defendants' motions to dismiss, or in the alternative, strike portions of Plaintiffs' Complaint. (Dkt. Nos. 5, 7.) After reviewing the papers submitted by both parties, with the benefit of oral argument on February 16, 2012, and upon being notified by the parties that their efforts at settlement have been unsuccessful, the Court DENIES the motion to dismiss the Breach of Contract claim and GRANTS the motion to dismiss all other claims. The Court also GRANTS in part and DENIES in part the motion to strike.

**ALLEGATIONS OF THE COMPLAINT**

On February 19, 2008, Plaintiffs Roland and Karen Flores, a married couple, borrowed $767,505.00 from Wells Fargo's predecessor, Wachovia Mortgage, FSB. (Dkt. No. 30 at 2.)

The loan was memorialized by a promissory note and secured by a deed of trust recorded against 341 Granelli Ave, Half Moon Bay, CA ("Property").  (Dkt. No. 30 at 2.)  Plaintiffs subsequently entered into a Modification Agreement with Defendants in which Defendants agreed to charge monthly "Interest Only" payments on the loan balance that would adjust on an annual basis.  (Dkt. No. 1 ¶ 11.)  At the time they entered the Agreement, Defendants' representatives told Plaintiffs that any unpaid taxes and insurance would be added to the principal balance due, and monthly payments under the Modification Agreement would not change.  (Dkt. No. 1 ¶ 12.)  Notwithstanding this oral promise, Defendants charged amounts over and above the amounts stated in the Agreement and breached the oral promise that unpaid taxes and insurance would be added to the principal and not charged monthly.  (Dkt. No. 1 ¶¶ 23-24.)  Specifically, in January 2010, Defendants added $1,196.46 in "escrow" and "shortage" charges for taxes and insurance to the $2,450.51 monthly interest payments, so the new total monthly payment became $3,646.97.  (Dkt. No. 1 ¶¶ 11, 13.)  Plaintiffs paid these additional charges, but their February 2010 payment was not credited to their account.  Accordingly, in March 2010, Defendants began sending statements to Plaintiffs showing "past due" balances and indicating a minimum monthly payment of $7,293.94.  (Dkt. No. 1 ¶ 15.)  Plaintiffs continued to pay $3,646.97 per month through August 2010 and Defendants accepted those payments.  (Dkt. No. 1 ¶ 16.)

     Plaintiff Roland Flores was involved in an automobile accident in September 2010 which resulted in "a significant reduction in Plaintiffs' income" as disability payments were delayed through no fault of Plaintiffs.  (Dkt. No. 1 ¶¶ 17-18.)  The next month, Plaintiffs applied for a loan modification based on hardship.  (Dkt. No. 1 ¶ 19.)  Defendants subsequently denied Plaintiffs' application on the ground that their policies "[did] not allow them to process another loan modification for Plaintiffs."  (Dkt. No. 1 ¶ 21.)  Thereafter, Plaintiffs defaulted on the loan and a notice of default was recorded on February 7, 2011.  (Dkt. No. 30 at 2.)  On November 7, 2011, a Notice of Trustee's Sale was recorded.  (Dkt. No. 30 at 2.)

**PROCEDURAL HISTORY**

Plaintiffs filed this action in state court on November 21, 2011, which Defendants removed to this Court on the ground of diversity jurisdiction. Plaintiffs make claims for Breach of Contract, Promissory Estoppel, Wrongful Foreclosure, Breach of Covenant of Good Faith and Fair Dealing, violations of the California Business & Professional Code § 17200 (Unfair Business Practices), and Accounting.

After Defendants filed the pending motions to dismiss and strike, the Court sua sponte raised the issue of subject matter jurisdiction and concluded that the diversity of citizenship requirement is met. (Dkt. No. 24.) After hearing oral argument on February 16, 2012, the Court stayed any decision on Defendants' motions pending the parties' settlement efforts. Having been advised that those efforts have been unsuccessful, the Court now decides Defendants' motions. (Dkt. Nos. 5, 7.)

**DISCUSSION**

**A. Defendants' 12(b)(6) Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the Complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully." Id.  Courts may dismiss a case without leave to amend only if the plaintiff is unable to cure the defect by amendment.  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

### 1. Breach of Contract

Plaintiffs contend that Defendants breached their original Modification Agreement by charging amounts over and above those stated in the contract.  In order to state a claim for breach of contract, Plaintiffs must allege "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant, and damages."  Lucia v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 1059, 1066-67 (N.D. Cal. 2011) (internal citations omitted).  Plaintiffs' allegations satisfy these elements.  They allege the existence of a contract: "[Defendants] entered into a Modification Agreement in which [Defendants] agreed to charge stated monthly 'Interest Only' payments on the loan balance which would adjust on an annual basis." (Dkt. No. 1, Ex. A, ¶ 11.)  They allege further that Defendants breached the written contract "by charging excessive amounts to Plaintiffs over and above the amounts stated in the Agreement, and by adding unauthorized monthly charges to Plaintiffs' account." (Dkt. No. 1, Ex. A, ¶ 23.)  They also allege that at the time they entered the written contract Defendants told them that any unpaid taxes and insurance would not increase their monthly payments and Defendants breached this oral promise. (Dkt. No. 1, Ex. A, ¶¶ 12, 24.)  Finally, Plaintiffs allege that they incurred monetary damages as a result of the increased payments. (Dkt. No. 1, Ex. A, ¶ 25.)

Defendants nonetheless move to dismiss on the ground that the alleged oral promise is banned by the parol evidence rule because it flatly contradicts the written Modification Agreement.  California Civil Procedure Code Section 1856 governs parol evidence:

> (a) Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement.  (b) The terms set forth in a writing described in subdivision (a) may be explained or supplemented by evidence of consistent additional terms unless the writing is intended also as a complete and exclusive statement of the terms of the agreement.

4

1 Cal. Civ. Proc. Code § 1856. This rule requires a court to first ask if the writing was intended
2 to be an integration, or a complete and final expression of the parties' agreement, and second
3 if the agreement is susceptible to the meaning argued by the party offering the evidence.
4 Davis Wine Co. v. Vina Y Bodega Estampa, S.A., 823 F. Supp. 2d 1159, 1170 (D. Or. 2011)
5 (internal citations omitted). The court in Banco Do Brasil, S. A. v. Latian, Inc. reduced the
6 integration analysis to four questions:

> (1) does the written agreement appear on its face to be a complete agreement; obviously, the presence of an 'integration' clause will be very persuasive, if not controlling, on this issue; (2) does the alleged oral agreement directly contradict the written instrument; (3) can it be said that the oral agreement might naturally have been made as a separate agreement or, to put it another way, if the oral agreement had been actually agreed to, would it certainly have been included in the written instrument; and (4) would evidence of the oral agreement be likely to mislead the trier of fact.

13 Id. 234 Cal. App. 3d 973, 1002-03 (Ct. App. 1991).

14 Defendants' motion focuses on the second question: does the alleged oral agreement
15 contradict the written agreement. Viewing the agreement and the allegations in the light most
16 favorable to the Plaintiffs it does not. Plaintiffs allege Defendants made an oral promise that
17 unpaid taxes and insurance would be added to the principal balance and would not be charged
18 monthly. (Dkt. No. 1, Ex. A ¶ 24.) Unpaid taxes and insurance are not referenced anywhere
19 in the Modification Agreement. The Modification Agreement states that the lender agrees to
20 "[a]dd amounts owed for 'Escrow Amounts Advanced,' 'Foreclosure Fees,' 'Attorney's
21 Fees,' and 'Property Inspection Fees' to the Loan balance" if these are outstanding on the date
22 of the Agreement. The court cannot conclude as a matter of law that amounts not expressly
23 included in this list could never be added to the loan balance; the provision does not say that
24 "only" these items could be added to the loan balance.

25 The Modification Agreement also states that the scheduled "Interest Only" monthly
26 payments "DO NOT include amounts necessary for escrow." (Dkt. No. 1, Ex. A at 34-35.)
27 The Court cannot conclude, however, as a matter of law that the provision excluding
28 "amounts necessary for escrow" from the "Interest Only" monthly payments contradicts an

1 oral promise to not add unpaid taxes and insurance to monthly payments.  Defendants'
2 reliance on Davis v. Gulf Oil Corp. is unpersuasive.  Id. 572 F. Supp. 1393, 1395 (C.D. Cal.
3 1983).  In Davis, there was a direct contradiction between the renewal terms of a lease and the
4 renewal terms in the agreed upon contract, a contradiction not plainly present here.
5 Accordingly, the Court cannot hold at this early stage in the litigation that the oral promise is
6 banned by parol evidence.

7      Defendants also argue that the alleged oral promise is banned by the statute of frauds
8 because it is "an agreement that by its terms is not to be performed within a year from the
9 making thereof." Cal. Civ. Code § 1624.  Defendants have not met their burden of showing
10 that the alleged oral promise to add unpaid taxes and insurance to the principal balance could
11 not be performed within one year. See Pietrobon v. Libarle, 137 Cal. App. 4th 992, 995
12 (2006) (noting that statute of frauds is an affirmative defense); see also Multifamily Captive
13 Grp, LLC v. Assurance Risk Managers, Inc., 578 F. Supp. 2d 1242, 1248 (E.D. Cal. 2008)
14 (internal citations omitted) ("Only those contracts which expressly preclude performance
15 within one year are unenforceable.").  Alternatively, if Defendants interpret the alleged oral
16 promise as the actual payment of unpaid taxes and insurance – as opposed to adding the
17 unpaid taxes and insurance to the balance – the same reasoning applies because the record
18 does not establish that payment could not be performed within one year.

19      Plaintiffs' performance or excuse for nonperformance is the only remaining question
20 on the sufficiency of the Breach of Contract claim.  Defendants argue that Plaintiffs' failure to
21 make their monthly payments was a breach of the Agreement.  Nothing in the Complaint,
22 however, establishes as a matter of law that Plaintiffs did not perform their obligation under
23 the Modification Agreement to make the undisputed "Interest Only" payments.  Indeed,
24 Plaintiffs contend they continued to pay $3,646.97 per month through August 2010,  which
25 was $1,196.46 more than the "Interest Only" amount Plaintiffs owed under the Modification
26 Agreement (Dkt. No. 1, Ex. A ¶¶ 11, 13, 14, 16.)  Plaintiffs also allege that the February 2010
27 payment was not credited to their account, and their statement erroneously recorded the
28 amount as past due.  (Dkt. No. 1, Ex. A ¶ 15.)  Viewing these allegations in the light most

1   favorable to Plaintiffs, the Court cannot conclude that Plaintiffs did not perform.

2   Accordingly, Defendants' motion to dismiss the Breach of Contract claim is DENIED.

### 2. Wrongful Foreclosure

Plaintiffs' Wrongful Foreclosure claims are based on a number of theories. First, Plaintiffs allege that Defendants denied them a loan modification for which they qualified in violation of the federal Home Affordable Modification Program ("HAMP"). (Dkt. No. 1, Ex. A ¶¶ 27-28.) In the alternative, Plaintiffs allege that Defendants violated California Civil Code Sections 2923.6(b), 2923.5(a)(2), and 2924c(a)(1).

#### A. Home Affordable Modification Program

The vast majority of courts have determined that borrowers are not intended beneficiaries of HAMP. Bond v. Cal W. Reconveyance Corp., No. 12-01523, 2012 WL 2150313, *4 (N.D. Cal. June 12, 2012) (internal citations omitted). "[L]enders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the borrower." Hoffman v. Bank of Am., N.A., No 10-2171, 2010 WL 2635773, *3 (N.D. Cal. June 30, 2010). As Plaintiffs cite no authority suggesting that HAMP supports a private right of action, they fail to state a claim for Wrongful Foreclosure under this theory. Plaintiffs Wrongful Foreclosure claim under HAMP is therefore DISMISSED with prejudice. See Lopez, 203 F.3d at 1129.

#### B. California Civil Code Section 2923.6

California Civil Code Section 2923.6(b) declares that "it is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." Cal. Civ. Code § 2923.6. Plaintiffs allege Defendants violated this section by refusing to offer Plaintiffs a loan modification. (Dkt. No. 1 ¶ 30). Plaintiffs fail to state a claim because this section, as HAMP, does not provide a private right of action. See Curtis v. Option One Mortg. Corp., No. 09-1982, 2010 WL 1729770, *8 (E.D. Cal. April 28, 2010) ("Under California law, the adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute."); Williams v. Bank

of Am., N.A., No. 11-2800, 2012 WL 2106225, *6 (S.D. Cal. June 11, 2012) (internal citations omitted) ("Numerous courts have held that [Section] 2923.6 does not create a private right of action."); Osorio v. Wachovia Mortg., FSB, 12-663, 2012 WL 1610110, *4 n.4 (S.D. Cal. May 8, 2012) ("This section confers no substantive rights on borrowers, but simply expresses the legislative hope that lenders will offer loan modifications."). Plaintiffs claim under this section is therefore also DISMISSED with prejudice. See Lopez, 203 F.3d at 1129.

### C. California Civil Code Section 2923.5

Plaintiffs allege that Defendants violated California Civil Code Section 2923.5, which sets forth the guidelines for filing Notices of Default. (Dkt. No. 1 ¶ 29); See generally Cal. Civ. Code § 2923.5. Courts have interpreted Section 2923.5 as supporting a private right of action. Hoffman, 2010 WL 2635773 at *5. However, Section 2923.5 is not applicable to Plaintiffs' claim because the Deed of Trust governing this transaction was not recorded within the relevant statutory period. The Deed of Trust is dated March 5, 2008, but Section 2923.5 "[applies] only to mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007, inclusive . . . " Cal. Civ. Code § 2923.5(i). Plaintiffs claim under this section is not curable with amendment and is therefore also DISMISSED with prejudice. See Lopez, 203 F.3d at 1129.

### D. California Civil Code Section 2924c(a)(1)

Finally, Plaintiffs allege that Defendants wrongfully foreclosed their property in violation of California Civil Code Section 2924c(a)(1) because Defendants did not provide Plaintiffs with an accurate statement of "all amounts due" and allow the Plaintiffs to "cure default." (Dkt. No. 1 ¶ 31). Plaintiffs do not, however, allege any facts that make this claim plausible. See Twombly, 550 U.S. at 570; Iqbal, 129 S.Ct. at 1949.

The Court may take judicial notice of the Notice of Default and Election to Sell Under Deed of Trust and Notice of Trustee's Sale issued by Defendants for Plaintiffs' home. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (extending the "incorporation by reference" doctrine to situations in which the Plaintiffs' claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not

dispute the authenticity of the document, even when plaintiffs do not explicitly allege the contents of that document in the complaint).  Both documents are attached to the Motion to Dismiss along with a request for judicial notice, and both are official public records of the San Mateo County Recorder's Office.  (Dkt No. 6 ¶¶ 5-6.)  The Notice of Default and Election to Sell Under Deed of Trust states that $18,280.73 was due to Defendants as of February 3, 2011.  (Dkt. No. 6 at 33.)  The Notice of Trustee's Sale states that $756,909.38 is the "total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale." (Dkt. No. 6 at 36.)  Plaintiffs do not explicitly allege that either $18,280.73 or $756,909.38 are inaccurate calculations of amounts due to Defendants.  While Plaintiffs' allegation that Defendants failure "to provide an accurate amount in arrears has resulted in Defendants wrongfully foreclosing, " might imply that Plaintiffs do not regard these amounts as accurate, Plaintiffs do not address the issue either way, at least in a manner that makes their claim plausible.  Plaintiffs need to allege why the amount stated was inaccurate.  Thus, Plaintiffs' Section 2924c(a)(1) claim is DISMISSED with leave to amend.

### 3. Accounting

Plaintiffs' claim for accounting also fails as a matter of law.  "Under California law, an accounting is generally a remedy under equity."  Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1191-92 (N.D. Cal. 2009).  In rare cases, an accounting can be a cause of action when a defendant has a fiduciary duty to a plaintiff which requires an accounting, and some balance is due to the plaintiff that can only be ascertained by an accounting.  Id.; see also Carrasco v. HSBC Bank USA, N.A., No. 11-2711, 2012 WL 685523, *4 (N.D. Cal. Mar. 2, 2012) (internal citations omitted) ("A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting."); Canales v. Fed. Home Loan Mortg. Corp., No. 11-2819, 2011 WL 3320478, *8 (C.D. Cal. Aug. 1, 2011) (internal citations omitted) (holding that an accounting cause of action is equitable and

may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable).

Plaintiffs' Complaint does not allege that the transactions with Defendants were so complex that an accounting is necessary. See Canales, 2011 WL 3320478 at *8 (internal citations omitted) (dismissing claim for accounting where Plaintiff's complaint lacked allegations of complexity or a fiduciary relationship to support her claim for accounting). Although Plaintiffs claim that they paid $1,196.46 per month above what the Modification Agreement required they pay, and that their February 2010 payment was not credited to their account, Plaintiffs do not claim that they are owed anything by Defendants and it will not be difficult to calculate what Plaintiffs owe Defendants. Plaintiffs can dispute the amount that they paid to Defendants or the amount that Defendants state is due in the Notice of Trustee's Sale through a breach of contract claim.

Furthermore, the relationship between Plaintiffs and Defendants is one of a loan customer to a bank and not a fiduciary relationship. See Vann v. Wells Fargo Bank, No. 12-1181, 2012 WL 1910032, *11 (N.D. Cal. May 24, 2012) (dismissing accounting cause of action because a lender does not owe a fiduciary duty to a borrower); Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989) (noting the principle that there is not a fiduciary relationship between a debtor and creditor should apply with even greater clarity to the relationship between a bank and its loan customers). Given that the nature of the relationship between Plaintiffs and Defendants precludes this cause of action, the Court DISMISSES Plaintiffs' claim for an accounting with prejudice. See Lopez, 203 F.3d at 1129.

### 4. Promissory Estoppel

The elements of a promissory estoppel claim are "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." Lucia, 798 F. Supp. 2d at 1069 (internal citations omitted). "The purpose of this doctrine is to make a promise that lacks consideration (in the usual sense of something bargained for and given in exchange) binding under certain circumstances." Id.

1 Detrimental reliance is an essential feature of promissory estoppel because if reliance is not
2 detrimental it would not constitute consideration.  Healy v. Brewster, 59 Cal. 2d 455, 380 P.2d
3 817 (1963).  "The party claiming estoppel must specifically plead all facts relied on to
4 establish its elements."  Rosal v. First Fed. Bank of Cal., 671 F. Supp. 2d 1111, 1130 (N.D.
5 Cal. 2009) (internal citations omitted).

6 Here, Plaintiffs' Promissory Estoppel claim fails to satisfy the minimal notice pleading
7 requirements of Rule 8.  Plaintiffs rely on vague and largely conclusory allegations without
8 citing specific facts establishing detrimental reliance, much less that any such reliance was
9 reasonable or foreseeable.  They allege that Defendants' representatives "misrepresented to
10 Plaintiffs that unpaid taxes and insurance would be added to Plaintiffs' principal balance and
11 not charged monthly to Plaintiffs" and "the afore-mentioned misrepresentations, promises and
12 omissions constituted implied promises that Defendants would not pursue foreclosure or
13 schedule a Trustee Sale regarding the property or subject loan."  (Dkt. No. 1, Ex. A ¶¶ 45, 47.)
14 The Complaint also alleges "Plaintiffs reasonably relied on said misrepresentations, promises,
15 and omissions to their detriment."  (Dkt. No. 1, Ex. A ¶48.)  Plaintiffs, however, do not
16 identify how they relied to their detriment.  Plaintiffs were obligated to make payments under
17 the loan agreement, so making payments cannot constitute detrimental reliance.  See Beck v.
18 Wells Fargo Home Mortg., N.A., No. 10-2150, 2010 WL 5340563, *2 (S.D. Cal. Dec. 10,
19 2010) (granting motion to dismiss where plaintiff was already legally obligated to make loan
20 payment so any payment that plaintiff purportedly made did not constitute detrimental
21 reliance for purposes of promissory estoppel); see also Quinteros v. Aurora Loan Services,
22 740 F. Supp. 2d 1163, 1171-72 (E.D. Cal. 2010) (dismissing estoppel claims where plaintiff
23 claimed that he made $7,600 in mortgage payments in reliance on a loan modification but was
24 already obligated to make those $7,600 in payments under the original terms of the mortgage).
25 Absent specific allegations regarding the nature of the reliance or the harm caused because of
26 that reliance, Plaintiffs fail to state a claim that meets the requirements of Rule 8.  See Iqbal,
27 129 S.Ct. at 1949.  Defendants' Motion to Dismiss this claim is GRANTED with leave to
28 amend.

### 5. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiffs' Breach of the Covenant of Good Faith and Fair Dealing claim appears to hinge in part on the express terms of the Modification Agreement and in part on California Civil Code Sections 2923.5 and 2923.6. (Dkt. No. 1 ¶ 54-56.) In order to state a claim for breach of an implied covenant of good faith and fair dealing, the specific contractual obligation from which the implied covenant of good faith and fair dealing arose must be alleged. Love v. The Mail on Sunday, No. 057798, 2006 WL 4046180, *7 (C.D. Cal. Aug 15, 2006). "The scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal.4th 342, 373 (Cal. Sup. Ct. 1992) (internal citations omitted).

Plaintiffs fail to state a claim. Though Plaintiffs allege that they entered into the Modification Agreement with Defendants, the Complaint does not reference the exact terms of the Agreement from which the implied covenant arose. See Pasadena Live, LLC v. City of Pasadena, 114 Cal. App. 4th 1089, 1093-94 (2004) (citation omitted) (noting that the implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract). Plaintiffs' reliance on Sections 2923.6 and 2923.5 is also insufficient. As the Court explained above, supra at 9-10, Section 2923.6 does not create a private right of action and Section 2923.5 does not apply to the time period for the loan at issue. Therefore, Defendants' Motion to Dismiss this claim is GRANTED with leave to amend.

### 6. Unfair Business Practices

Plaintiffs also allege that Defendants breached California's Unfair Competition Law. An unfair business practice under California's Unfair Competition Law ("UCL") is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008). Section 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. An unfair business practice claim requires a plaintiff to

"tether" its allegation of unfair competition to a constitutional or statutory provision or regulation carrying out such a statutory policy. See Zero Motorcycles, Inc. v. Pirelli Tyre S.p.A., 802 F.Supp. 1078, 1089 (N.D. Cal. 2011) (citations omitted). That is, the claim requires the pleader to allege some business practice that is prohibited by law. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143 (2003).

Plaintiffs allege practices that may seem unfair in the abstract, but they fail to tether the allegations to valid constitutional or statutory provisions. They complain that Defendants failed to consider subsequent loan modifications based on changed circumstances, that Defendants denied a loan modification based on legitimate hardship, and that Defendants failed to be available by telephone to address Plaintiffs' concerns. (Dkt. No. 1, Ex. A ¶¶ 60-62.) Absent a grounding in constitutional or statutory provisions that prohibit Defendants' actions, Plaintiffs' allegations of unfairness are insufficient to support a claim under Section 17200. See Lucia, 798 F. Supp. 2d at 1072 (holding that plaintiffs could not assert a UCL claim based on alleged violations of HAMP because the UCL cannot create a private right of action where none exists under the federal statute) (internal citations omitted); see also Rubin v. Wal–Mart Stores, Inc., 599 F.Supp.2d 1176, 1179 (N.D. Cal. 2009) (holding that where a UCL claim is predicated upon other claims that fail, the UCL claim must be dismissed as well). Here, just as in Lucia, the Court dismissed the Wrongful Foreclosure claim because HAMP does not create a private right of action. Since Defendants tether their Unfair Business Practices allegations to the HAMP claim, Defendants' Motion to Dismiss this claim is GRANTED with leave to amend.

**B. Defendants' Motion to Strike**

Defendants move to strike paragraph 2 of the Prayer in the Complaint-requesting punitive and exemplary damages-pursuant to Federal Rule of Civil Procedure 12(f). (Dkt. No.1 at Prayer ¶ 2.)

Rule 12(f) provides that a District Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from

litigating spurious issues by dispending with those issues prior to trial . . . " Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted) (reversed on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)). "Rule 12(f) motions are generally 'disfavored' because they are 'often used as delaying tactics, and because of the limited importance of pleadings in federal practice.'" Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (internal citations omitted).

California Civil Code Section 3294 states that "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3294. Punitive damages are not recoverable for breach of contract claims even if the defendant's conduct was "wilful [sic], fraudulent, or malicious." Boles v. Merscorp, Inc., No. 08-1989, 2008 WL 5246038, *4 (C.D. Cal. Dec. 12, 2008). But "where the gravamen of the action is not a breach of contract as such, but rather is the fraud inherent in the breach, exemplary damages may be awarded." PlasPro GMBH v. Gens, No. 09-04302, 2011 WL 1000755, *5 (N.D. Cal. March 21, 2011).

The Breach of Contract claim is the only claim that thus far survives; accordingly, the prayer for punitive damages fails. While allegations of malice and intent may be averred generally, Plaintiffs' Breach of Contract claim does not allege *any* oppression, fraud, or malice, which are prerequisites for an award of punitive damages under Section 3294. See Escobedo v. Countrywide Home Loans, Inc., No. 09-1557, 2009 WL 4981618 (S.D. Cal. Dec. 15, 2009) ("Conclusory assertions of intentional and malicious misconduct are sufficient to support a claim for punitive damages."). Defendants' Motion to Strike the prayer for punitive damages is GRANTED with leave to amend should Plaintiffs choose to allege claims that support punitive damages. See Lopez, 203 F.3d at 1129.

Defendants also move to strike paragraphs 42 and 51 of the Complaint. Paragraph 42 is included in the claim for Wrongful Foreclosure, and Paragraph 51 is included in the claim

for Promissory Estoppel. The Court is dismissing both of these claims, therefore Defendants' Motion to Strike these claims is DENIED as moot.

## CONCLUSION

Plaintiffs' Breach of Contract claim is sufficient to survive Defendants' Motion to Dismiss. All of Plaintiffs' other claims are DISMISSED. The Wrongful Foreclosure claims based on HAMP, Section 2923.6, and Section 2923.5 are DISMISSED with prejudice as Plaintiffs cannot cure these claims by amendment, the rest of the claims are dismissed with leave to amend. Defendants' Motion to Strike paragraph 2 of the Prayer in the Complaint is GRANTED with leave to amend. The Motion to Strike paragraphs 42 and 51 of the Complaint is DENIED as moot. Plaintiffs' amended complaint, if any, shall be filed on or before July 16, 2012.

The Court will hold a further case management conference on October 4, 2012 at 1:30 p.m. This order disposes of docket numbers 5 and 7.

**IT IS SO ORDERED.**

Dated: June 26, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE